IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| CARLOS DANIEL ALDANA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 317-014 |
| | ) | |
| VANCE LAUGHLIN, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Petitioner, a federal inmate currently incarcerated at Wheeler Correctional Facility ("WCF") in McRae, Georgia, brings the above-captioned petition pursuant to 28 U.S.C. § 2241. (Doc. no. 1.) As "it appears from the application that the applicant or person detained is not entitled" to the relief he seeks, the Court now makes its recommendation without directing any respondent to file a response to the instant petition. 28 U.S.C. § 2243. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Petitioner's motion to proceed *in forma pauperis* ("IFP") be **DENIED** as **MOOT** (doc. no. 6) and the petition be **DISMISSED** for lack of jurisdiction.

**I.  BACKGROUND**

On June 15, 2015, the Gwinnett County Superior Court sentenced Petitioner to thirty years imprisonment for trafficking cocaine and methamphetamine.[1] Petitioner avers that on

---

[1] Georgia Department of Corrections, available at http://www.dcor.state.ga.us/ (follow "Find an Offender" hyperlink; then search for "Aldana, Carlos," last visited Aug. 3, 2017).

October 1, 2015, the Executive Office of Immigration Review (EOIR) ordered Petitioner to be "released." (Doc. no. 1, pp. 5, 7.) Petitioner claims to have attached a copy of the EOIR order, but it is not in the Court's records. (Doc. no. 1, p. 2.) Despite this order, Petitioner remains incarcerated at WCF, which Petitioner claims is a violation of the Department of Homeland Security's (DHS) orders and his Eighth and Fourteenth Amendment rights. (Id. at 6-7.) As relief, Petitioner requests release by the State of Georgia for immediate deportation to El Salvador. (Id. at 8.)

## II. DISCUSSION

### A. Petitioner Fails to Allege Grounds on Which Relief Under § 2241 May Be Granted.

Based on the petition, it is unclear whether the action taken by immigration officials was a detainer or a final release order. (Doc. no. 1, pp. 2, 5, 7.) Accordingly, both possibilities are addressed. Challenges to immigration detainers and detention following final removal orders are both properly cognizable under § 2241. Akinwale v. Ashcroft, 287 F.3d 1050, 1051 (11th Cir. 2002); Themeus v. United States Dep't of Justice, 643 Fed. App'x 830, 832-33 (11th Cir. 2016). In any event, Petitioner is not entitled to be released from his current state incarceration regardless of whether his "release" order is a detainer or removal order issued demanding deportation.

#### 1. The Court Does Not Have Jurisdiction Under § 2241 Regarding a DHS Detainer Because Petitioner Is Not in DHS's Custody.

Because a writ of habeas corpus grants relief from unlawful custody, jurisdiction does not lie where the authority against whom relief is sought does not have custody of the petitioner. See 28 U.S.C. § 2241(c); Orozco v. United States INS, 911 F.2d 539, 541 (11th Cir. 1990) (*per curiam*) ("[A]bsent custody by the authority against whom relief is sought,

2

jurisdiction will not lie to grant the writ [of habeas corpus]." Because petitioner challenges the detainer lodged against him by DHS, the Court only has jurisdiction if Petitioner is in DHS's custody.

Petitioner is still serving his state sentence at WCF, and thus he is not being held pursuant to the immigration detainer. Furthermore, the mere lodging of an DHS detainer does not by itself cause a petitioner to come within DHS's custody for purposes of § 2241. Orozco, 911 F.2d at 541; Roberts v. INS, 372 F. App'x 921, 924 (11th Cir. 2010). Thus, Petitioner has not come within DHS's custody and remains in the custody of the warden at his current facility. Because the relief requested in the instant petition cannot be granted by Petitioner's custodian, the warden at WCF, jurisdiction under § 2241 is lacking. Id.; see also Louis v. Sec'y, Fla. Dep't of Corr., 524 F. App'x 583, 583-84 (11th Cir. 2013) (*per curiam*) (affirming dismissal of § 2241 petition for lack of jurisdiction where removal order was entered in 1984, immigration detainer was lodged in 2007, but petitioner was still serving criminal sentence).

### 2. The Court Does Not Have Jurisdiction Under § 2241 Because Petitioner Has Not Been Subject to an Unauthorized Detention Under a Removal Order.

Alternatively, the Petitioner may also be requesting release from state custody so he can be placed in federal custody pursuant to an EOIR removal order. While courts lack habeas jurisdiction for challenges against the underlying basis of a removal order under the REAL ID Act of 2005, 8 U.S.C. § 1252 (a)(5), (b)(9), courts may still determine whether a habeas petitioner is being held beyond the proper removal period under 8 U.S.C. § 1231. Akinwale v. Ashcroft, 287 F.3d 1050, 1051-52 (11th Cir. 2002); Themeus v. United States Dep't of Justice, 643 Fed. App'x 830, 832-33 (11th Cir. 2016).

Following a removal order, the Attorney General generally has 90 days to effect removal. § 1231(a)(1)(A). However, if the alien is detained or confined, the 90-day period begins on the date the alien is released from detention or confinement. § 1231(a)(1)(B)(iii).

To be eligible for relief under § 2241 based on a claim that the length of detention following a final removal order is unreasonable and that his continued detention is unauthorized, a petitioner must show (1) more than six months has passed since the beginning of the statutory removal period when the § 2241 claim was filed, and (2) there is "evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." Akinwale, 287 F.3d at 1052-53; Themeus, 643 F. App'x at 833. However, where the petitioner remains incarcerated based on state criminal charges, the removal period set forth in § 1231 has not begun to run, and the petitioner is not entitled to relief under § 2241. Themeus, 643 F. App'x at 831, 833.

Here, Petitioner requests release from state incarceration under § 2241 based on the October 1, 2015, removal order. (Doc. no. 1, p. 5.) However, Petitioner's current state incarceration began on June 15, 2015, and Petitioner has remained incarcerated at WCF since that date.[2] Because Petitioner's state incarcerate predates his immigration "release" in October 2015, the 90-day period under § 1231 has not begun to run. Themeus, 643 F. App'x at 831, 833. Accordingly, Petitioner is cannot show that his detention is unauthorized under the standard set forth above and, therefore, is not entitled to relief.

## III. CONCLUSION

For the reasons stated above, the Court **REPORTS** and **RECOMMENDS** that

---

[2] Georgia Department of Corrections, available at http://www.dcor.state.ga.us/ (follow "Find an Offender" hyperlink; then search for "Aldana, Carlos", last visited Aug. 3, 2017).

4

Petitioner's motion to proceed *in forma pauperis* ("IFP") be **DENIED** as **MOOT** (doc. no. 6), and that the petition be **DISMISSED** for lack of jurisdiction.

SO REPORTED and RECOMMENDED this 8th day of August, 2017, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA